UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-00027-JMS-WGH |
| ) | |
| L. LARIVA, Warden, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Christopher Smith was formerly confined in both this District and at the United States Penitentiary Canaan in Waymart, Pennsylvania ("Canaan"). While at Canaan, Smith was disciplined for violating prison rules. Now contending that the disciplinary proceeding is tainted with constitutional error, Smith seeks a writ of habeas corpus.

Having considered the habeas petition, the subsequent pleadings and the expanded record, and being duly advised, the court finds that Smith's petition for writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

1. "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975).

2. In a setting such as presented by Smith, due process requires that certain procedural safeguards be observed and that the decision be support by a minimum quantity of evidence.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a hearing officer be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445, 454 (1985).

    3.    The pleadings and the expanded record show the following:

    a.    On December 28, 2012, incident report No. 2390936 was issued charging Smith with violating prison rules by his possession and manufacturing of escape paraphernalia. A copy of that incident report was given to Smith on the evening of that same day.

    b. A hearing on the charge was conducted on January 3, 2013. The hearing officer found Smith guilty of the charged misconduct. Specifically, the hearing officer found that a search of Smith's cell during the afternoon of December 28, 2012, staff discovered a t-shirt wih a pillow stuffed inside--such that it resembled a human torso—on Smith's bed. At the hearing, Smith had admitted ownership of the pillow-stuffed t-shirt.

    c.    Upon being found guilty of the charged misconduct, Smith was sanctioned. The present action was filed after Smith's administrative remedies were exhausted. Smith's contentions are that: (1) his due process rights were violated, as evidence did not support the disciplinary decision; (2) the actions of the disciplinary hearing officer were arbitrary, capricious, and an abuse of discretion; and (3) the "strict liability standard is not supported by law." These are variations on a single theme, which is that there was insufficient evidence to support the decision of guilt

    4.    Using the protections recognized in *Wolff* and *Hill* as an analytical template, Smith received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Smith was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of the findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

5. Smith's contentions otherwise are refuted by the expanded record. He is not entitled to relief based on them. That is, the finding of the object in Smith's cell is not disputed. The composition of the object—a pillow inside a t-shirt—is not disputed. Smith's ownership of those items is not disputed. His principal concern is with whether the greater weight of the evidence supports the hearing officer's findings, but this is not the due process standard established by *Hill*. Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999); *see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient).

6. A pillow is not invariably associated with escape, even in a prison. Nor is a t-shirt. But in the combination described in this case, a reasonable adjudicator could readily have concluded that the possession and assembly of the ersatz human torso constituted the possession and manufacturing of escape paraphernalia. *See United States v. Watts*, 2015 WL 4939560, at *3 (7th Cir. Aug. 20, 2015) ("Of course a chair is not a 'weapon' in the most common sense of the word, but it can be and in this case was used as a weapon.").

7. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Smith to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: September 22, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

CHRISTOPHER W. SMITH
12310-041
LEXINGTON FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 14500
LEXINGTON, KY 40512